## PAYNE v. SNELL.

OCT. TERM
1835.

Payne
v.
Snell.

1. Suit on bond for $1800. Deft. craved oyer and set out the bond which had a condition for payment of $900, by instalments; plea non est factum without affidavit.
2. Opinion of Judge McGirk. The plea cannot be stricken out as a nullity.
3. The bond must be produced on trial, and a variance may be taken advantage of.
4. The issue of non est factum could not be found for deft.
5. Plea non est factum and plea payment. After finding non est factum for deft. the finding payment for him also, can have no effect.
6. But plff. cannot have judgment, whilst it appears on the record, that there is a condition which is not set out in his declaration.
7. Opinion of Judge Wash—Concurs in the principles maintained above; but not in their application.
8. Opinion of Judge Tompkins. The declaration is bad, and deft. might have craved oyer and demured, but by pleading non est factum, he waived the variance.
9. Cir. ct. erred in finding non est factum for defendant.

ERROR to St. Louis circuit court.

Opinion delivered by McGirk J.

Payne brought an action of debt against Snell, on a bond for $1800. The declaration is in the common form. The defendant appeared and pleaded non est factum, without accompanying the same with an affidavit as the law directs. The plaintiff moved the court to set the plea aside as a nullity, for want of the affidavit, the court overruled the motion, and refused to set the plea aside. It has already been decided by this court, in the case of Hinton v. Bates, June 1835, that the plea of non est factum may be filed without affidavit, and that a motion to strike the same out as a nullity, is well overruled. On the trial of the issue of *non est factum* in this case, the plaintiff produced his bond and read the same. When the bond was read, it appeared that the same was subject to a condition of the payment of nine hundred dollars at several times by instalments. The court then decided, that the legal effect of the bond, was only to pay $900, instead of 1800, as stated in the declaration, and found therefore, that the bond produced, was not the same as that declared on, and gave judgment for the defendant. It was also a part of the decision of the court, that the bond being subject to a condition, that condition should have been set out in the declaration.

The plaintiff in error makes the two points above stated, the last of which is, that the court erred in deciding the plea of non est factum for the defendant. In the argument of the cause, the counsel for Payne make three points.

Suit on bond for $1800. Deft. craved oyer and set out the bond, which had a condition for payment of $900 by instalments; plea non est factum, without affidavit.

Opinion of Judge McGirk. The plea cannot be stricken out as a nullity.

The bond must be produced on trial and a variance

OCT. TERM
1835.

Payne
v.
Snell.

may be taken ad-
vantage of.

The first is, that the statute requiring the condition of a bond to be set out, is merely mandatory, and the failure cannot be taken advantage of on non est factum. 2nd. The goodness or badness of the declaration, has nothing to do with the plea of non est factum, and the fact whether there was or was not a condition, makes it not the less the deed of the defendant. 3rd. There was in law no necessity to produce the bond, or offer the same in evidence. I will consider the first and third points together. I will first consider, whether under the plea of non est factum, without affidavit, where the suit is on a bond, there is any necessity to produce the bond in evidence. The statute says, (see Rev. Code 627,) when any declaration or pleading shall be founded on any instrument in writing, purporting to be executed by the other party, whether under seal or not, the same shall be received in evidence unless the party charged to have executed it, shall deny the execution thereof by plea supported by his affidavit &c. This statute, so far as regards unsealed instruments, has been adjudicated on in several cases. The first case, where this statute was brought under consideration, was the case of Wahrendorff and Ober, v. Whitaker et. al. 1. vol. Mo. R. 205. That was an action brought on a promissory note, the plea was non assumpsit. When the plaintiff read his note, it appeared to have been made by an agent under a power, and this court held that the note itself, under the plea of non assumpsit, must be produced, and the power of attorney also, that the court might judge, whether in law, there was by them created a valid promise, the court furthermore held that the effect of the statute was in such case, where there is no affidavit, merely to dispense with proof of the manual execution of the instrument. In the case of Hanley's admr. v. Reed's admr. 1 vol. Mo. R. 488, the effect of the statute on suits on promissory notes where non assumpsit was the plea without affidavit, was again considered, in which case the court decided, the effect was only to discharge the plaintiff from the proof of the mere execution. It was also decided in this last case, that the note must be produced on the trial. In answer to the point made by counsel, that in this case, there was no necessity to produce the bond at all, I will say, that there can in reason be no distinction between the case of a suit on a bond or on a promissory note. In both cases, the instrument sued on, must be produced when the plea is non est factum, or non assumpsit; at common law, before this statute existed, when these pleas were put in, the plaintiff produced and proved

his paper, and then read the same in evidence to the jury. Now, he can read the same without this proof. On such pleas, unless the affidavit is filed, when the bond in such case is read, if it fit the declaration or pleading, then the party's case is made out, the defendant may then make his attack by way of defence, he may show by extrinsic evidence that there has been an alteration, he may show coverture, duress, or any thing else, which in law makes the bond or note void. In this case, the defendant used the paper produced, to show the bond as set out in the declaration, though it existed in fact, and in words and terms had no such existence in law, as pretended by the pleading. It is true, that if the bond produced varies from the one declared on either on account of dates, sums or other matter of description, it is no more the bond of the defendant, as stated in the declaration, than it would be if it were the rankest forgery ever made. Yet I think the statute only applies to the case of a forgery or pretended forgery, when it requires the affidavit. This opinion is predicated on the peculiar words of the statute which speaks of the execution of the bond or note. The statute does not say, that the bond or note shall be full evidence of the debt or duty unless denied &c.—but says, unless the execution is denied by plea and supported by affidavit the paper shall be read in evidence. When it is thus read in evidence the object of the statute seems to be accomplished; yet the question may be raised, whether the instrument is the deed of the party charged to have made it, but this question must be stirred by the defendant by giving in evidence things, which show that the paper is not in law his deed, or that no duty arises by reason of something which avoids the instrument. This much has been said, with a view to settle the doctrine in regard to the production of bonds and sealed instruments, when non assumpsit or non est factum is pleaded. Some three years past, this court did decide in a case, where on a bond a suit was brought, and non est factum pleaded, that the bond need not be produced, but that opinion, owing to accident, was not written, and a majority of the court have for some time been well satisfied, that the decision was wrong. In the case at bar, the plaintiff set out a part of his instrument correctly, that is, that part which promises to pay $1800. Then the defendant craved oyer, now I think when the conditions were set out on oyer he should have demurred, but let this matter be as it may, when the oyer is given the instrument set out becomes a part of the declaration as much as if it had been set out at first, at least

The issue of non est factum could not be found for deft.

for all purposes of defence; then the enquiry is, whether the defendants plea of non est factum, is intended to apply to the supposed writing in the declaration or the writing of which oyer is given. When the defendant accepts the oyer which has been given in this case setting out the condition, his plea must be understood to go to the condition as put on the record as well as to the penal part, and how it can be that the condition when shown, proves the whole deed not to be the deed of the defendant, is not easily comprehended. If it be so then, it must be contrary to the apparent fact on the record. But it is said the court may and ought so to find, because when the condition appears, then it appears that the legal effect of the whole instrument, is to create a debt of only $900 instead of $1800. Although this may be true, yet I do not think that this is a fit case for the application of that doctrine. In my opinion the court erred in finding the issue for the defendant on the testimony, and that a new trial ought to have been granted. But it is said the court found payment for the defendant, and on that finding the plaintiff is barred; this finding ought not to be a bar, the court found the deed was not the deed of the defendant, and then to find the conditions had all been performed where none existed, is a solecism in law, no such finding can have any sense, unless the issue of non est factum had been found for the plaintiff, then it will be time enough to inquire, whether there was any payment or not. I am furthermore of opinion, that unless the plaintiff will amend his declaration and set out the condition, he cannot have judgment, especially when the condition appears on oyer, that then the defendant may demur, and if he will not do so, yet the court would do right to refuse judgment to the plaintiff. The judgment is reversed, the cause remanded with leave for the plaintiff to amend his declaration.

Wash J.

I concur in this opinion as to the principles maintained, but am not satisfied with the application of them, and am rather inclined to an affirmance of the judgment.

Tompkins J.

The declaration is bad in not setting out the condition &c., as the statute requires. The defendant craves oyer, and sets out the bond and condition. He might have demurred and had judgment, but waiving all exceptions to their insufficient statement of the cause of action, he pleads non est factum without an affidavit. This court has decided, that under this plea without affidavit, the defendant might give in evidence any thing, that admitting the exe-

Plea non est factum and plea payment. After finding non est factum for deft., the finding payment for him also, can have no effect.

But plff. cannot have judgt. whilst it appears on the record, that there is a condition which is not set out in his declaration.

Opinion of Judge Wash. Concurs in the principles maintained above, but not in their application.

Opinion of Judge Tompkins. The declaration is bad, and deft. might have craved oyer and demured. But by pleading non est factum he waived the variance.

cution of the deed renders it void, as duress, coverture, erasure, &c. He offered no such evidence, but now claims a judgment on account of the variance to which he had before waived all objection, by pleading a plea, which admits that the instrument declared on, is well set out. The question, whether it be necessary to produce the bond, does not, I think, arise here. The circuit court erred in finding for the defendant, as I think, and if the plaintiff had filed a declaration on which a judgment could be rendered, I should have thought he ought to have had one. I concur with the president of the court in the disposition of the cause.

*OCT. TERM 1835.*

The Mayor &c. of St. Louis v. Hempstead.

Cir. ct. erred in finding non est factum for deft.